UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2027-D

**Felix M. Palacios**,

              Petitioner,

v.

**Warden of FCI-Butner**,

              Respondent.

**Memorandum & Recommendation**

On February 3, 2016, Petitioner Felix M. Palacios, a federal inmate confined at Butner Medium I FCI, filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 (D.E. 1), together with an affidavit in support of his petition (D.E. 1-3) and a 70–page exhibit (D.E. 1-5). The matter is before the court for a preliminary review under 28 U.S.C. § 2243. Also before the court are Palacios's "Motion for Entry of 'Prima Facie Evidence'" (D.E. 2); Motion for Leave of Court to Supplement Petition (D.E. 4), which the court construes as a motion to amend the petition; Motion to Appoint Counsel (D.E. 5); Motion to Take a Deposition (D.E. 6); Motion to "'Enter Determination/and or Judgment' based on 'Merits' of Evidence and Exhibits or Lack of 'Legally Sufficient Evidence'" (D.E. 7); and Motion to Clarify and to Appoint Counsel (D.E. 8), which the court construes as a second motion to amend the petition. After reviewing Palacios's petition and documents in support of the petition, the undersigned recommends[1] that the court dismiss this action without prejudice because Palacios failed to show that a motion under 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging his conviction and sentence.

---

[1] The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

I.  **Background**

On August 6, 2010, a federal grand jury in the Southern District of Florida indicted Palacios for the following crimes: (1) conspiring to interfere with commerce by threats or violence (robbery of a Zales jewelry store) (Count 1); (2) interfering with commerce by threats or violence (robbery of the Zales store) (Count 2); (3) using a firearm during and in relation to a crime of violence (Count 3); (4) possessing with intent to distribute cocaine (Count 4); (5) possessing a firearm in furtherance of a drug trafficking crime (Count 5); and (6) possession of a firearm by a felon (Count 6). *See* Indictment, *United States v. Palacios*, No. 4:10-cr-10027-KMM-1 (S.D. Fl. Aug. 6, 2010). Palacios pled guilty to Counts 2, 3, 4 and 6. The court sentenced him to a term of imprisonment totaling 176 months: 92 months for each of Counts 2, 4 and 6 to be served concurrently; 84 months for Count 3, to be served consecutively to the terms imposed for Counts 2, 4 and 6; and three-years of supervised release. Counts 1 and 5 were dismissed. *See* Judgment, *Palacios*, No. 4:10-cr-10027-KMM-1 (S.D. Fl. Jan. 6, 2011).

On January 6, 2012, Palacios filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, attacking the validity of his plea and sentence in his sentencing court. *Palacios*, Nos. 4:10-cr-10027-KMM-1 & 4:12-cv-10001-KMM (S.D. Fl. Jan. 6, 2012). On November 27, 2012, the court denied the § 2255 motion. *Palacios*, Nos. 4:10-cr-10027-KMM-1 & 4:12-cv-10001-KMM (S.D. Fl. Nov. 27, 2012).

On December 12, 2012, Palacios filed a *pro se* motion for reconsideration, *Palacios*, No. 4:12-cv-10001-KMM (S.D. Fl. Dec. 12, 2012), which the court denied, *Palacios*, No. 4:12-cv-10001-KMM (S.D. Fl. Feb. 15, 2013).

2

On February 26, 2013, Palacios filed a *pro se* petition to reinstate his § 2255 action, *Palacios*, No. 4:12-cv-10001-KMM (S.D. Fl. Feb. 26, 2013), which the court denied, *Palacios*, No. 4:12-cv-10001-KMM (S.D. Fl. Jun. 7, 2013).

On May 8, 2014, Palacios filed a *pro se* motion to vacate his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, *Palacios*, Nos. 4:12-cv-10001-KMM & 4:14-cv-10057-KMM (S.D. Fl. May 8, 2014), which the court denied as an unauthorized second or successive § 2255 motion, *Palacios*, No. 4:14-cv-10057-KMM (S.D. Fl. Sept. 11, 2014).

On April 14, 2015, Palacios filed a *pro se* motion pursuant to 18 U.S.C. § 3582 to reduce his sentence based on United States Sentencing Commission Amendment 782. *Palacios*, No. 4:10-cr-10027-KMM-1 (S.D. Fl. Apr. 14, 2015). The court denied the motion on the ground that Palacios was ineligible for relief under Amendment 782. *Palacios*, No. 4:10-cr-10027-KMM-1 (S.D. Fl. May 5, 2015).

On February 3, 2016, Palacios filed his § 2241 petition. He alleges that information contained in his presentence report is incorrect and contained inadmissible hearsay ("Ground One"); that he is innocent of "brandishing" his weapon under 18 U.S.C. 924(c)(1)(A)(ii) ("Ground Two"); that he was unconstitutionally interrogated prior to his arrest, ("Ground Three"); and that the evidence was insufficient to support the sentencing enhancement of causing permanent bodily injury to one of the eyewitnesses ("Ground Four"). Pet. ¶ 13, D.E. 1.

## II. Motions to Amend the Petition

The court first addresses Palacios's motions to amend his petition (D.E. 4, 8). Palacios seeks to amend his § 2241 petition to include an argument that his sentence is illegal pursuant to

*Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]  Mot. to Am., D.E. 4.  Palacios also seeks to amend his § 2241 petition to allege that his sentence is being executed illegally.  Mot. to Am., D.E. 8.  A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (b), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Because Palacios's petition is subject to a preliminary review pursuant to 28 U.S.C. § 2243, no respondent has been served.  Accordingly, Palacios's motions to amend his petition are granted.  The court reviews all of Palacios's filings together to determine whether Palacios has stated a claim on which relief can be granted.

### III.  Motions to Appoint Counsel

The court turns to Palacios's motions to appoint counsel (D.E. 5, 8).  No right to counsel exists in habeas corpus actions.  *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  This action does not present legally complex issues, and Palacios has set forth his claims adequately.  Thus, the interests of justice do not require the appointment of counsel and Palacios's motions are denied.

### IV.  Section 2241 Petition

Although Palacios filed his petition under § 2241, he attacks the legality, as opposed to the execution, of his conviction and sentence.  While Palacios has amended his petition to allege

---

[2]  Palacios cites *Johnson* as "133 S. Ct. 2351 (2013)," however the court believes that Palacios means to cite *Johnson v. United States*, 135 S. Ct. 2551 (2015).

4

that he is challenging the "execution" of his sentence, *see* Mot. to Am., D.E. 4, he does not do so. Rather, Palacios's claims—that his presentence report contained incorrect and inadmissible hearsay, that he is innocent of "brandishing" his weapon, that he was unconstitutionally interrogated, and that the evidence was insufficient to support a sentencing enhancement—constitute a challenge solely to the legality of his conviction and sentence. Palacios must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). If a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause contained in § 2255(e), the district court must dismiss the "unauthorized habeas motion … for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

> Section 2255 is considered inadequate or ineffective when three conditions are met:
>
> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). If Palacios cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. *Rice*, 617 F.3d at 807.

With respect to his claims, Palacios is unable to meet the second prong of the *Jones* test because the substantive law has not changed so that his conduct—interfering with commerce by threats or violence, using a firearm during and in relation to a crime of violence, possessing with intent to distribute cocaine, and possession of a firearm by a felon—is no longer criminal. *See,*

5

*e.g.*, *Rice*, 617 F.3d at 807. Therefore, the "conduct" of which Palacios was convicted remains criminal.

Moreover, Palacios's claim that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) is without merit. *Johnson* held that increasing a defendant's sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. *Johnson*, 135 S. Ct. at 2557. Palacios was not sentenced under § 924(e), and *Johnson* does not apply to him. Because Palacios has not satisfied the criteria set forth in *Jones* for demonstrating that § 2255 is an "inadequate or ineffective" remedy, he must proceed with his claim pursuant to § 2255.

Palacios argues that he has new evidence of his innocence which allows him to proceed through § 2255(e)'s savings clause. To establish actual innocence on the basis of new evidence, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial," but is allowed "to consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327–28. In any case, a petitioner asserting actual innocence must meet the standard for sufficiency of the evidence set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), namely that "[no] rational trier of fact could [find] guilt beyond a reasonable doubt," had it been given access to the newly discovered evidence. *Herrera v. Collins*, 506 U.S. 390, 401–02 (1993) (White, J., concurring) (internal quotations omitted).

*Schlup* does not support Palacios's argument because Palacios does not argue that he is *innocent of the crimes to which he pled guilty*. Rather, he argues that he is "innocent" of sentencing enhancements applied to him. First, Palacios argues that the testimony of victim

6

Jessica Rains, one of the two female employees in the store during the robbery, would show that she did not incur "serious bodily injury" as alleged. *See* Aff. at 6–7, D.E. 1-3. Second, he argues that testimony of the two witnesses, together with video surveillance of the robbery, would show that he did not "brandish" a gun during the robbery. *See* Aff. at 6; *see also* Pet. Ex. at 6–7, D.E. 1-5 (excerpt from sentencing transcript). The reach of the savings clause, however, has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Thus, Palacios's actual innocence claims based on his sentencing enhancements do not satisfy § 2255's savings clause.

Under certain circumstances, a court may convert a § 2241 petition into a § 2255 motion. However, the court cannot do so here because Palacios has already sought relief under § 2255. A prisoner cannot bring a second or successive § 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see United States v. Winestock*, 340 F.3d 200, 204–05 (4th Cir. 2003).

Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. *In re Vial*, 115 F.3d at 1194 n.5. Palacios has not obtained permission from a court of appeals to pursue a second or successive habeas petition. Therefore, Palacios cannot proceed under § 2241 or § 2255, and the undersigned recommends that the district court dismiss his § 2241 petition without prejudice.

## V. Motion to Take Deposition

In light of the court's determination that Palacios' habeas petition should be dismissed, his Motion to Take Deposition (D.E. 6) is denied as moot.

## VI. Conclusion

In sum, Palacios's motions to amend his petition (D.E. 4, 8) are granted, his motions for appointment of counsel (D.E. 5, 8) and to take a deposition (D.E. 6) are denied, and it is recommended that the district court dismiss Palacios's § 2241 petition for a writ of habeas corpus (D.E. 1) without prejudice. The undersigned further recommends that the court deny the remaining motions (D.E. 2, 7) as moot.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the**

**Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: August 3, 2016

/s/ Robert T. Numbers, II
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE